

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RTF:RMR                               *One Pierrepont Plaza*
F.#2004R01863                         *Brooklyn, New York  11201*

                             *Mailing Address:*   *147 Pierrepont Street*
                                                 *Brooklyn, New York  11201*

June 14, 2005

**By Facsimile and Hand Delivery**

The Honorable David G. Trager
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   United States v. Richard Calabro
              Criminal Number 04-732 (DGT)

Dear Judge Trager:

      The above-referenced defendant is scheduled to be sentenced on Monday, June 20, 2005, at 3:00 p.m., following his guilty plea to perjury, in violation of Title 18, United States Code, Section 1623(a), and interstate transportation of property obtained by fraud, in violation of Title 18, United States Code, Section 2314.

      In a letter dated June 9, 2005, the defendant requests a reduction in sentence below the 10 to 16 months of incarceration provided for under the advisory United States Sentencing Guidelines (the "Guidelines").  More specifically, the defendant asserts that he and his family are experiencing "dire financial circumstances," and argues that these circumstances warrant a non-incarceratory sentence.  (See Letter from Joel M. Stein, Esq. to the Court, dated June 9, 2005 ("Def. Let."), at 1.)  The government respectfully submits this letter in opposition to the defendant's request.

      Under the Guidelines, reductions in sentence for family circumstances have been held to be appropriate only in "extraordinary cases."[1]  United States v. Johnson, 964 F.2d 124,

---

      [1]   The government recognizes that, pursuant to the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), the Guidelines are now advisory rather than mandatory,

128 (2d Cir. 1992). The standard is high because the Policy Statement in U.S.S.G. § 5H1.6 provides that "[f]amily ties and responsibilities . . . are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." In fact, family ties and responsibilities are "discouraged" as factors to be considered under the Guidelines.

>In Johnson, the Second Circuit held that:
>
>The Sentencing Commission understood that many defendants shoulder responsibilities to their families, their employers, and their communities. Disruption of the defendant's life, and the concomitant difficulties for those who depend on the defendant, are inherent in the punishment of incarceration. The Commission made this clear by explaining that such disruption of the defendant's exercise of responsibility, as a general matter, should not be cause for downward departure.

964 F.2d at 128 (citations omitted).

This exacting standard arises from the recognition that in most cases, "[w]hatever damage to [the defendant's] family will result from his incarceration is a consequence of his actions, not of the court's failure to consider his family circumstances." United States v. Naugle, 879 F. Supp. 262, 267 (E.D.N.Y. 1995) (Weinstein, J.). Accordingly, courts have permitted downward departures for family circumstances only for extreme and grave reasons. See, e.g., Johnson, 964 F.2d at 129 (defendant was a single parent, with three young children, including an infant and an institutionalized daughter and they all depended exclusively on the defendant); United States v. Alba, 933 F.3d 1117, 1122 (2d Cir. 1991) (defendant worked two jobs to support his wife, two children, grandmother, and a disabled father who required defendant "to help him get in and

---

id. at 757, and a sentencing court thus has the authority to fashion a reasonable and appropriate sentence in a given case. However, the Supreme Court further held in Booker that the sentencing court must still take the Guidelines into account, 2005 WL 50108, at 767, and for this reason, the government respectfully submits that this Court must assess whether the defendant has made out the grounds for a sentencing reduction under the standards set forth in the Guidelines.

out of his wheelchair"); see also United States v. Galante, 111 F.3d 1029, 1035 (2d Cir. 1997) (defendant was primarily responsible for supporting wife and two children, and defendant's wife spoke little English and had limited earning capacity). Additionally, "the defendant bears the burden of proving that he or she is entitled to a downward departure." United States v. Cotto, 347 F.3d 441, 445 (2d Cir. 2003).

Here, based on the facts set forth in the Presentence Investigation Report ("PSR") and in the defendant's letter to the Court, the defendant has failed to establish the grounds for a reduction in sentence based on extraordinary family circumstances. Although the defendant's wife does not work outside the home and the defendant and his wife are the parents of a young son, the simple fact is that the defendant's wife and son do not depend exclusively upon the defendant for financial support. To the contrary, the defendant acknowledges in his sentencing letter that he and his wife are currently residing with the wife's parents in a home owned by the wife's aunt and uncle (see Def. Let. at 1), and this alone demonstrates that the defendant's wife and son will be cared for by family members during any period of incarceration the Court imposes in this case. Additionally, the defendant candidly notes in his letter to the Court that he is presently unemployed, has "no income except for whatever he can earn performing odd jobs," and incurred substantial debt even when he was employed. (See Def. Let. at 1.) Under these circumstances, it does not appear that the defendant currently provides meaningful financial support to his family, and it also is far from clear that the defendant's incarceration for a period of between 10 and 16 months would have a significant adverse impact on his family's financial well-being.

The defendant's request for a non-incarceratory sentence is undermined not only by his failure to establish extraordinary family circumstances, but also by the nature of his offense. As is noted in the PSR, the defendant received the proceeds of a no-show job, and then, when testifying under oath before a federal grand jury investigating fraud, corruption, and the influence of organized crime in connection with the construction of the Metropolitan Transportation Authority's new headquarters at 2 Broadway in lower Manhattan, the defendant lied when he falsely claimed that he had not received any payments for work he did not perform. (See PSR ¶ 31.) The defendant thus perjured himself before a federal grand jury and attempted to obstruct the investigation in this matter, and given this obstructive conduct, the government respectfully submits that a sentence of probation is not appropriate. Indeed, Section

3553(a) of Title 18 of the United States Code provides that a criminal sentence must, among other things, "provide just punishment for the offense" and "afford adequate deterrence to criminal conduct." In a case such as this, where a defendant has perjured himself to obstruct an investigation, the government submits that a sentence of probation would not constitute just punishment or serve the goal of general deterrence.

      For the reasons set forth above, the government respectfully requests that the Court deny the defendant's request for a sentence of probation, and instead impose a sentence within the advisory Guidelines range of 10 to 16 months incarceration.

      Thank you for your attention to this matter.

                              Respectfully submitted,

                              ROSLYNN R. MAUSKOPF
                              United States Attorney

                    By: _____
                              Robert M. Radick
                              Assistant U.S. Attorney
                              (718) 254-6374

cc:  Joel Stein, Esq. (by facsimile)
     Jaime Turton, U.S. Probation Officer (by facsimile)
     Clerk of the Court (by ECF)